UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANE SPRETER,

        Plaintiff,

    v.

AMERISOURCEBERGEN
CORPORATION and
AMERISOURCEBERGEN DRUG
CORPORATION,

        Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 12-2187
(JEI/KMW)

**OPINION**

**APPEARANCES:**

CONSOLE LAW OFFICES
Stephen G. Console, Esq.
Caren N. Gurmankin, Esq.
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
Counsel for Plaintiff

BLANK ROME LLP
Stephen M. Orlofsky, Esq.
Larry R. Wood, Jr., Esq.
Harrison Lee, Esq.
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Counsel for Defendants

**IRENAS**, Senior District Judge:

    This is a retaliation and employment discrimination case.
Plaintiff Jane Spreter alleges that Defendants retaliated
against her for opposing discriminatory conduct and that she
herself was the subject of sex and race discrimination.

1

Presently before the Court is Spreter's Motion to Dismiss Defendants' Counterclaim for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).[1]  (Dkt. No. 19)  For the following reasons, the Motion will be denied.

## I.

For the purposes of this Motion, the Court accepts as true the facts as alleged in the Counterclaim.  In January 1981, a predecessor to Defendant AmerisourceBergen Drug Corporation hired Plaintiff, Jane Spreter, as a secretary in its Human Resources department in Philadelphia, Pennsylvania.  In 1985, Spreter was promoted to Human Resources Manager and then was promoted again to Human Resources Director of the East Region in 1990.  She remained in that role for approximately twenty years, during which time she was based in AmerisourceBergen's Thorofare, New Jersey office.

In May 2010, Spreter began reporting directly to Anthony Caffentzis, Regional Vice President, East Region, who replaced Spreter's previous supervisor, James Frary.  (Countercl. ¶¶ 10-11)  In April 2011, approximately one year after she started reporting to Caffentzis, Spreter underwent her performance

_____

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claims and supplemental jurisdiction over all state claims pursuant to 28 U.S.C. § 1367.

evaluation for the year.  (*Id.* ¶ 12)  As part of the evaluation, Spreter completed a self-review, in which she acknowledged that the period from May 1, 2010 to April 30, 2011 was "by far the most difficult of [her] career."  (*Id.* ¶ 13)  This difficulty was due, in part, to the fact that Caffentzis had started moving the East Region in a new direction.  Spreter described these changes as "huge shifts in values and priorities" from the practices that her previous supervisor, Frary, had employed. (*Id.* ¶ 14, Ex. A)  She also recognized that she would have "to better understand the new direction in order to be effective going forward."  (*Id.* Ex. A)

On April 7, 2011, Caffentzis gave Spreter her performance evaluation, on which she received an overall rating of "Partially Meets Expectations."  (*Id.* ¶ 16)  An employee receives that rating when she does "not fully or consistently meet[] critical job requirements and improvement is needed in some areas."  (*Id.* Ex. A)  In Spreter's case, the concerns centered on her leadership and her ability to adapt to change.  (*Id.*) Specifically, Caffentzis noted that Spreter was "struggling with change and differences in terms of how things were done before." (*Id.*)

Around April 12, 2011, Spreter met with Jay Webster, Senior Human Resources Director, with whom she had a reporting relationship.  (*Id.* ¶ 19)  Spreter and Webster discussed her

performance evaluation, and Webster explained that, while Spreter had performed well in certain areas, she also had difficulty conforming to the practices put in place since Caffentzis replaced Frary. (*Id.* ¶ 20)  The following day, Spreter talked to Webster again about her performance evaluation and her disconnect from her role as Human Resources Director, East Region. (*Id.* ¶¶ 21-22)  Spreter said that she understood why she had received a rating of "Partially Meets Expectations" and that she realized that she had been very negative that year. (*Id.* ¶¶ 22-23)  At the meeting, Webster asked Spreter to consider whether a role in AmerisourceBergen's Human Resource Department in Chesterbrook, Pennsylvania, would be a better fit for her, and Spreter agreed to do so. (*Id.* ¶¶ 24-25)

On April 29, 2011, Spreter met with Webster and Caffentzis. At that meeting, she was formally offered the option of being reassigned as Human Resources Director in the Corporate Human Resources team based in Chesterbrook, Pennsylvania or, alternatively, taking a severance package. (*Id.* ¶¶ 26-27, Ex. B)  The new position was substantially similar to Spreter's position at the time, and she would have retained responsibility for several important initiatives. (*Id.* ¶¶ 31, 37)  Further, her salary, job grade, bonus eligibility, benefits, eligibility for stock options, and title of "Director" all would have remained the same. (*Id.* Ex. B)

The most significant difference between the two positions was the change in location.   The new position would have required Spreter to work from the Chesterbrook, Pennsylvania office, which is approximately 13.4 miles further from Spreter's home than the Thorofare, New Jersey office.  (*Id.* ¶¶ 39-42, Exs. C & D)  This distance would have increased Spreter's commuting time by approximately 20 minutes.  (*Id.* Exs. C & D)  Spreter was asked to make a decision regarding the position by May 6, 2011. (*Id.* Ex. B)

On May 5, 2011, Spreter sent an email to Caffentzis informing him that she did not want to accept either the new position or the severance package and that she was resigning. (*Id.* Ex. E)  Between April 29, 2011, and May 5, 2011, Spreter did not contact Webster or Caffentzis other than to confirm that her bonus level and stock options benefits would not change with the new position and did not express any concerns she had with the reassignment offer.  (*Id.* ¶¶ 46-48)

On April 11, 2012, Spreter initiated this action.  (Dkt. No. 1)  The Complaint alleges discrimination and retaliation in violation of Title VII and the New Jersey Law Against Discrimination ("NJLAD"), respectively, as well as violation of Spreter's equal rights under 42 U.S.C. § 1981.  Spreter claims that she repeatedly opposed AmerisourceBergen's allegedly discriminatory hiring and promoting practices and that

AmericourceBergen retaliated against her when it offered her the new position.  She also claims that she herself suffered discriminated due to her race and gender.

Defendants in response filed an Answer and Counterclaim. (Dkt. No. 10)  Defendants seek a declaratory judgment declaring that Spreter voluntarily resigned from her employment and that she did not suffer any adverse employment action.

Spreter now moves to dismiss Defendants' counterclaim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).


## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all allegations in the complaint and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  Where a Rule 12(b)(6) motion seeks to dismiss counterclaims, the allegations must be viewed in the light most

favorable to the non-moving party, the defendant. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 556 (D.N.J. 2002). In reviewing the allegations, a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the [non-movant] pleads factual content that allows the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

**III.**

Spreter argues that AmerisourceBergen's counterclaim is redundant and that disposition of her claim will render the counterclaim moot.

A court may dismiss a defendant's counterclaim for declaratory relief "where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975); *see also Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F. Supp. 2d 562, 566 (D. Del. 2009). The "court should dismiss such counterclaims only when there is no doubt that they will be rendered moot by adjudication of the main action." *Lawrence Rucker*, 674 F. Supp. 2d at 566; *see also Teamsters Pension Trust Fund of Phila. & Vicinity v. Transworld Port & Distrib. Servs., Inc.*, No. 09-3479 (RBK/KMW), 2010 WL 4269380, at *3 (D.N.J. Oct. 25, 2010).

This standard is not met here. Contrary to Spreter's argument, it is not at all clear that disposition of her claims will render Defendants' counterclaim moot. The question of whether Spreter was constructively discharged is an element of all three of her claims,[2] and Spreter is correct that, to win on

---

[2] To establish a retaliation claim under Title VII, 42 U.S.C. § 1981, or the NJLAD, Spreter must show that (1) she engaged in protected activity, (2) her employer took an adverse employment action against her, and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604

8

her claims, she has the "burden to show that she was constructively discharged from her employment." (P.'s Br. 8) However, if the Court denies Spreter relief, the Court will not necessarily reach the question of constructive discharge in making its determination. If Spreter's claims fail on any other element, the Court could deny relief without determining whether Spreter was constructively discharged or resigned voluntarily, leaving Defendants' counterclaim undecided. Thus, Spreter's motion will be denied.

## IV.

For the reasons stated above, Plaintiff Spreter's Motion will be denied. The Court will issue an appropriate Order.

Date:  January 10, 2013

/s/ Joseph E. Irenas

**Joseph E. Irenas, S.U.S.D.J.**

---

F.3d 788, 798 (3d Cir. 2010); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001).

To establish her disparate treatment claims, Spreter must show "(1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).